IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| J. DEON JOHNSON, | ) | 4:05CV3280 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KANSAS CITY LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, J. Deon Johnson, was an employee and general agent of the defendant, Kansas City Life Insurance Company, for approximately 39 years, until August 2005, when his employment was terminated. His complaint contains five "causes of action," which may be characterized as: (1) a claim for recovery of retirement benefits and clarification of rights under § 502(a)(1)(B) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); (2) a claim for breach of fiduciary duties under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3); (3) a state-law claim for fraudulent misrepresentation; (4) a state-law claim for negligent misrepresentation; and (5) a state-law claim for "detrimental reliance." The parties agree that Nebraska law governs the pendent claims.

The defendant has moved to dismiss the fraudulent misrepresentation claim ("third cause of action") for noncompliance with Federal Rule of Civil Procedure 9(b).[1] In particular, the defendant complains that no facts have been alleged to show that the alleged misrepresentations were known to be false when made. I conclude that the plaintiff's conclusory allegation of this "knowledge" element is sufficient.

---

[1] "In all averments of fraud and mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

The plaintiff alleges that he was a participant in a retirement plan for the defendant's general agents that was amended effective January 1, 1990 (attached to complaint as Exhibits A & B), that "[h]e was informed by Mr. Chuck Howard, one of his supervisors, on or about February, 1990 that all of his prior benefits that had accrued in the Defendant's previous plans were vested, and that Plaintiff would keep these benefits," and that the plaintiff "relied on that promise and continued to participate in the modified plan . . .." (Complaint, ¶ 15.)  The plaintiff further alleges that he "was informed in August 2005 that his employment relationship would be terminated" and "that he would not receive benefits under the employer retirement plan." (Complaint, ¶ 14.)  The "third cause of action" incorporates these allegations by reference and also states:

> 21. Defendant made representations with regard to the retirement/ compensation plan to the Plaintiff to coerce him to continue working for the company and sell its products by promising him that his benefits were vested and would not be lost.
>
> 22. The representations in this regard made to Plaintiff were false, and were known to be false when they were made.
>
> 23. The fraudulent misrepresentations were made with the intention that Plaintiff would rely on them.
>
> 24. Plaintiff reasonably relied on those representations and continued to perform valuable services for the company.
>
> 25.  Plaintiff had no way of knowing that the representation made by Defendant were false.
>
> 26. Plaintiff has suffered irreparable damages as a result of the fraudulent and/or misrepresented statements made by the Defendant and/or its agents.

(Complaint, at 4.)

The plaintiff's allegations include all of the essential elements for a fraudulent misrepresentation claim under Nebraska law.

> In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintiff suffered damage as a result. Cao v. Nguyen, 258 Neb. 1027, 1031, 607 N.W.2d 528, 532 (2000). Intent to deceive is not an indispensable element of a cause of action for fraud based on misrepresentation. Foiles v. Midwest Street Rod Ass'n of Omaha, 254 Neb. 552, 556-57, 578 N.W.2d 418, 422 (1998).

Outlook Windows Partnership v. York Intern. Corp., 112 F. Supp. 2d 877 (2000), 893-94 (D.Neb. 2000).

Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain "a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Schaller Telephone Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). Thus, a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Id. "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (quoting Commercial Property v. Quality Inns, 61 F.3d 639, 644 (8th Cir.1995). Indeed, it has been held that

> the party pleading fraud "must set forth specific facts that make it reasonable to believe that defendant[s] knew that a statement was materially false or misleading." Lucia v. Prospect Street High Income

-3-

Portfolio, Inc., 36 F.3d 170, 174 (1st Cir.1994). See also Brown,[2] 987 F.Supp. at 1156 (finding that even though under Rule 9(b) certain conditions of the mind such as malice, intent, and knowledge may be averred generally, there is still a heightened requirement to allege facts making it reasonable to believe defendants knew that their statements were false or misleading at the time they were made).

Asbury Square, L.L.C. v. Amoco Oil Co., 221 F.R.D. 497, 501 (S.D.Iowa 2004). But see 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1301 at 292 (3d ed. 2004) (second sentence of Rule 9(b), "which merely restates contents of Rule 8(a)(2), . . . suggests that the draftsmen felt a need to qualify the first sentence to insure that it was not interpreted to require a party pleading fraud or mistake to allege specific circumstances of fraudulent intent, knowledge of the falsity of a statement, or mistaken belief in its truth.").

Although some courts would require the plaintiff's complaint to marshal facts in support of his belief that he was knowingly lied to by his supervisor, I do not find such a requirement in Rule 9(b).[3] To the contrary, the rule expressly states that "knowledge . . . of a person may be averred generally." Fed. R. Civ. P. 9(b). "Rule

---

[2] Brown v. North Central F.S. Inc., 987 F.Supp. 1150 (N.D.Iowa 1997).

[3] The Eighth Circuit has stated that "[w]here 'allegations of fraud are explicitly or . . . implicitly, based only on information and belief, then the complaint must set forth the source of the information and the reasons for the belief.'" Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir.1997) (quoting Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir.1991)). However, the Parnes opinion gives no indication that "circumstances constituting fraud" under Rule 9(b) include facts showing the defendant's knowledge of the falsity of a statement. Parnes was a securities fraud suit in which investors claimed that the defendant corporation's past profits had been artificially increased through dealings with a related company, but the complaint contained no specific information concerning the alleged fraudulent transactions, such as what products were bought and sold, when the purchases and sales took place, how much profit was realized, and who was involved. In short, the complaint was "entirely lacking in the particularity required by Rule 9(b)." Id.

-4-

9(b) is to be read in the context of the general principles of the Federal Rules, the purpose of which is to simplify pleading." United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003).

The defendant in this case has notice that the plaintiff is claiming his supervisor, Chuck Howard, falsely told him in February 1990 that his retirement benefits were vested, and, as a result, that the plaintiff was induced to continue working as a general agent for the defendant.[4] In order to respond to the complaint the defendant does not need to know why the plaintiff is alleging that Mr. Howard knew his statement was untrue (or, alternatively, that some other representative of the defendant knew that Mr. Howard was making a false statement to the plaintiff). This is a legitimate topic for discovery, however, and if the defendant concludes that the plaintiff did not have an objectively reasonable basis for alleging that the representations "were known to be false when they were made" (complaint, ¶ 22), then it may seek the withdrawal of the claim or the imposition of sanctions under Federal Rule of Civil Procedure 11(c)(1)(A).[5]

In summary, while the circumstances constituting fraud must be stated with particularity under Rule 9(b), a person's knowledge of the falsity of an alleged

---

[4] The plaintiff states in his brief that a January 30, 1990 letter from Mark Milton, attached to the complaint as part of Exhibit A, "further specifies the fraudulent statements that were made to Johnson." (Filing 11, at 4.) If the plaintiff is claiming that this letter is fraudulent, he has failed to make such an allegation. Paragraph 21 of the complaint specifies that the alleged fraudulent misrepresentation was "promising [the plaintiff] that his benefits were vested and would not be lost." The only person who is alleged to have made such a promise is Chuck Howard.

[5] By filing the complaint, the plaintiff's attorney has certified to the court that, "to the best of . . . [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the allegations "have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

misrepresentation "may be averred generally." Fed. R. Civ. P. 9(b). Because paragraph 22 of the plaintiff's complaint easily satisfies this minimal pleading requirement, the defendant's motion to dismiss the "third cause of action" of the complaint will be denied.

IT IS ORDERED that the defendant's motion to dismiss (filing 9) is denied.

February 10, 2006.                          BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge